IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-336-D
No. 5:11-CV-274-D

| | |
|---|---|
| WILLIAM LEE GREEN, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

William Lee Green, II ("Green") moved to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 [D.E. 81]. The government moved to dismiss Green's section 2255 motion [D.E. 84]. Green responded in opposition [D.E. 87]. As explained below, the court grants the government's motion to dismiss and dismisses Green's section 2255 motion.

On November 6, 2008, a federal grand jury in the Eastern District of North Carolina indicted Green and charged him with armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) (count one), using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (counts two, five, seven, nine, eleven, thirteen, and fifteen), possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count three), Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (counts four, six, and eight), and carjacking, in violation of 18 U.S.C. § 2119(1) (counts ten, twelve, and fourteen). See [D.E. 1]. On November 5, 2009, Green pleaded guilty pursuant to a plea agreement to count two and count five (using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)). See [D.E. 65, 66].

On April 7, 2010, the court sentenced Green to 84 months' imprisonment on count two and 300 months' imprisonment consecutive on count five. See [D.E. 72, 73]. Green did not appeal and his conviction became final when his time to do so expired, no later than April 21, 2010. See Fed. R. App. P. 4(b)(1)(A)(i); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

Green filed this section 2255 motion on May 26, 2011, more than one year after his judgment of conviction became final. Thus, Green's motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Likewise, Green's motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Finally, Green's motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. Bowman, No. 13-6827, 2014 WL 1228589, at *3 (4th Cir. Mar. 26, 2014) (unpublished); United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005).

In order to avoid the untimeliness of his motion, Green cites 28 U.S.C. § 2255(f)(3) and United States v. O'Brien, 560 U.S. 218 (2010). In O'Brien, the Court analyzed a portion of 18 U.S.C. § 924(c)(1)(B)(ii) (which has no application to Green's case) and held that the fact that the firearm was a machine gun was an element of the offense to be proved to a jury beyond a reasonable doubt or admitted by a defendant, rather than a sentencing factor. See id. at 225–35.

Green's argument concerning section 2255(f)(3) and O'Brien fails. First, Green's case does not involve 18 U.S.C. § 924(c)(1)(B)(ii). Thus, O'Brien does not apply. Second, even if O'Brien did apply, O'Brien is not retroactive to cases on collateral review. See, e.g., United States v. Moore,

2

432 F. App'x 762, 764–65 (10th Cir. 2011) (unpublished). Finally, although Green does not cite Alleyne v. United States, 133 S. Ct. 2151 (2013), Alleyne also does not help Green. Like O'Brien, Alleyne does not apply retroactively on collateral review. See, e.g., In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

Finally, nothing in the record suggests that equitable tolling should apply. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted). Green has alleged no such extraordinary circumstances. Accordingly, the court dismisses Green's section 2255 motion as untimely.

Alternatively, this court fully complied with Rule 11 of the Federal Rules of Criminal Procedure when accepting Green's guilty plea. See Arraignment Tr. [D.E. 89] 2–30. Accordingly, the appellate waiver in Green's plea agreement bars his section 2255 motion. See [D.E. 66] ¶ 2.c; United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the claims presented in Green's motion, the court determines that reasonable

3

jurists would not find the court's treatment of any of Green's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court GRANTS the government's motion to dismiss [D.E. 84], DISMISSES Green's section 2255 motion [D.E. 81], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 22 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge