IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-336-D

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| WILLIAM LEE GREEN, II, | ) |
| | ) |
| Defendant. | ) |

On April 6, 2020, William Lee Green, II ("Green") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 112], and filed documents in support [D.E. 112-1, 112-2, 112-3, 112-4, 112-5, 112-6]. On August 27, 2020, the government responded in opposition [D.E. 118]. On September 17, 2020, Green replied [D.E. 119]. As explained below, the court denies Green's motion for release.

I.

On November 5, 2009, Green pleaded guilty to count two and count five of his indictment, which charged Green with using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). See [D.E. 65, 66]. On April 7, 2010, the court held Green's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and overruled Green's objection. See Sentencing Tr. [D.E. 93] 5–6. After thoroughly considering all factors under 18 U.S.C. § 3553(a), the court sentenced Green to 84 months' imprisonment on the count two and a consecutive term of 300 months' imprisonment on count five, producing a total sentence of 384 months' imprisonment. See id. at 32–38; [D.E. 73]. Green did not appeal.

On May 26, 2011, Green moved to vacate his conviction under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. See [D.E. 81]. On June 29, 2011, the government moved to dismiss. See [D.E. 84]. On July 22, 2014, this court granted the government's motion to dismiss and denied a certificate of appealability. See [D.E. 90]. On September 11, 2014, Green appealed. See [D.E. 94]. On December 31, 2014, the Fourth Circuit dismissed Green's appeal for failure to prosecute. See [D.E. 97, 98]. On June 24, 2016, the Fourth Circuit granted Green leave to file a second or successive motion under section 2255. See [D.E. 102]. On the same day, Green again moved to vacate his sentence under section 2255. See [D.E. 103]. On August 13, 2019, Green withdrew his section 2255 motion. See [D.E. 110].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

2

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 is not applicable where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, —F.3d—, 2020 WL 7050097, at *6–10 (4th Cir. Dec. 2, 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but

---

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

a court independently determines whether any "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., id. at *9. In doing so, the court may consult U.S.S.G. § 1B1.13, but independently assesses the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 2020 WL 7050097, at *6–10; United States v. Jones, No. 20-3071, 2020 WL 6817488, at *1–2 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09-CR-336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Green seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Green cites (1) Congress's amendment of section 924(c) in the First Step Act such that the mandatory consecutive 300-month sentence he received on count five would not be imposed today thereby leading to a "disparity" in penalties and (2) his age, COVID-19, and his rehabilitation. See [D.E. 112] 1–5; [D.E. 119].

Green has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) as to his disparity claim. On February 28, 2020, Green submitted a request for compassionate release based on his disparity claim to the BOP. See [D.E. 112] 3; [D.E. 112-2]. As of April 6, 2020, the BOP failed to respond to Green's request. See [D.E. 112] 1, 3. Because more than 30 days elapsed with no BOP response, Green has satisfied section 3582's exhaustion requirements as to his disparity claim. See 18 U.S.C. § 3582(c)(1)(A). The government agrees. See [D.E. 118] 8.

As for Green's age, COVID-19, and rehabilitation claim, Green has not exhausted his section 3582 remedies. Specifically, Green fails to allege, and nothing in the record suggests, that Green submitted to the BOP a compassionate release request based on his age, COVID-19, and

5

rehabilitation. See [D.E. 112] 3; [D.E. 112-2]; [D.E. 119]. The government has invoked section 3582's exhaustion requirements to challenge Green's age, COVID-19, and rehabilitation claim. See [D.E. 118] 1, 8. Because Green failed to submit his age, COVID-19, and rehabilitation claim to the BOP before moving for a sentence reduction, Green has failed to satisfy section 3582's exhaustion requirement, and the court dismisses without prejudice Green's age, COVID-19, and rehabilitation claim. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).

As for Green's claim regarding Congress's amendment of section 924(c) in the First Step Act, Green's disparity claim is an extraordinary and compelling reason consistent with section 3582(c)(1)(A)(i). See McCoy, 2020 WL 7050097, at *6–12. Even so, the section 3553(a) factors counsel against reducing Green's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Green engaged in extremely violent criminal conduct. In September 2008, Green embarked on a horrific criminal rampage in the Eastern District of North Carolina. Specifically, Green violently robbed four businesses and carjacked three vehicles at gunpoint and led police officers on a high-speed chase that exceeded speeds of 100 m.p.h., which ended in a crash. See PSR [D.E. 99] ¶¶ 7–23. During the criminal rampage, Green terrorized thirteen victims by robbing them, carjacking them, and in some instances, by pointing an unloaded gun at them and pulling the trigger. See id. Nonetheless, Green has taken some positive steps while incarcerated. See [D.E. 112] 5–6; [D.E. 119]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the section 3553(a) factors, Green's arguments, and the need to punish Green for his horrific criminal behavior, to incapacitate Green, to promote respect for the law, to deter others, and to protect society, the court declines to grant Green's motion for compassionate release. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018);

Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Green's motion for compassionate release due to any sentencing disparity and DISMISSES WITHOUT PREJUDICE any claims concerning his age, COVID-19, and his rehabilitation [D.E. 112].

SO ORDERED. This _8_ day of December 2020.

JAMES C. DEVER III
United States District Judge