IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-336-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM LEE GREEN, II, | ) | |
| | ) | |
| Defendant. | ) | |

The court is very familiar with William Lee Green ("Green" or "defendant"). See [D.E. 39, 65, 66, 72, 89, 92, 97, 120, 125]. On January 2, 2024, Green filed his third motion for compassionate release [D.E. 126]. Green argues that (1) the court has the authority to modify his sentence; (2) he is eligible for a reduction of sentence because he has served more than ten years of an unusually long sentence; (3) the disparity between his sentence and the current stacking statute under 18 U.S.C. § 924(c) warrant a sentence reduction; and (4) the factors under 18 U.S.C. § 3553(a) warrant a sentence reduction. See id. at 5–30. On May 4, 2026, the United States responded in opposition [D.E. 141]. As explained below, the court denies Green's motion for compassionate release.

I.

On November 5, 2009, with a written plea agreement, Green pleaded guilty to two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). See [D.E. 66]. On April 7, 2010, the court held Green's sentencing hearing. See [D.E. 72, 93]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 93] 5–6; PSR [D.E. 99; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court found Green's criminal history category to be IV, and his

advisory guideline range to be 384 months to life imprisonment. See PSR ¶¶ 59–62. The bottom of the advisory guideline range was also the statutory mandatory minimum of 84 months' imprisonment on count two followed by 300 months' consecutive imprisonment on count five. See id. Although the court considered departing or varying up from the mandatory minimum, the court sentenced Green to 384 months' imprisonment. See Sent. Tr. at 32–40.

On July 22, 2014, the court dismissed Green's motion for relief under 28 U.S.C. § 2255. See [D.E. 90]. On December 31, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Green's appeal for failure to prosecute. See [D.E. 97, 98].

On April 6, 2020, Green moved for compassionate release and cited non-retroactive changes in the stacking provisions under 18 U.S.C. § 924(c). See [D.E. 112]. On December 8, 2020, the court denied Green's motion. See [D.E. 120]. On June 21, 2022, Green filed a second motion for compassionate release and again cited the same non-retroactive changes. See [D.E. 121]. On November 18, 2022, the court denied Green's second motion for compassionate release. See [D.E. 122].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction

2

must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b). "[A]n extraordinary and compelling reason need

3

not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Green seeks compassionate release under section 3582(c)(1)(A). See [D.E. 126]. Green cites his alleged unusually long sentence and the non-retroactive changes to the stacking provisions in 18 U.S.C. § 924(c) in the First Step Act. See id. at 12.

The "unusually long sentence" policy statement instructs that if a defendant received an unusually long sentence and has served a term of at least 10 years' imprisonment, a change in the law may be considered as an extraordinary and compelling reason only "after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). A sentence is unusually long with reference to the "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. Green has served over 10 years' imprisonment. Under U.S.S.G. § 1B1.13(b)(6), "the length of, and disparity between, pre- and post-First Step Act [section] 924(c) sentences can constitute extraordinary and compelling reasons for compassionate release." United States v. Burleigh, 145 F.4th 541, 546 (4th Cir. 2025); see McCoy, 981 F.3d at 285–88.[1]

In the First Step Act, Congress changed the law so that a section 924(c) conviction is only a subsequent conviction if the first section 924(c) conviction "arises from a separate case and already has become final." McCoy, 981 F.3d at 275 (quotation omitted). Thus, section 924(c) "no longer applies to multiple [section] 924(c) convictions obtained in a single prosecution" United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020); see McCoy, 981 F.3d at 275. Section 403(b)

---

[1] In Rutherford v. United States, No. 24-820 (U.S. 2026), the Supreme Court will resolve a circuit split and decide whether a district court may consider disparities created by the First Step Act's prospective changes in the law when deciding a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024), cert. granted, 145 S. Ct. 2776 (2025).

of the First Step Act provides that this change to section 924(c) "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 403(b), 132 Stat. at 5222. This court, however, sentenced Green in April 2010, long before Congress enacted the First Step Act.

Stacked sentences under section 924(c) may form the basis of a successful motion under section 3582(c)(1)(A). See, e.g., Burleigh, 145 F.4th at 546–53. In McCoy, the Fourth Circuit affirmed two cases consolidated on appeal in which district courts granted motions for compassionate release based on stacked section 924(c) sentences. See 981 F.3d at 277–79. There, one defendant pleaded guilty to and three defendants were convicted by a jury of relevant robberies and related gun offenses. See id. The district courts granted compassionate release, reducing the defendants' sentences to time served because the district courts determined that the defendants' sentences were greater than necessary to achieve the purposes of the relevant 3553(a) factors. See id. Moreover, the district courts in those cases intimated that if the courts had sentenced those defendants under today's section 924(c) regime, the defendants would likely have been close to completing or have already completed their sentences. See id. In Burleigh, the Fourth Circuit applied McCoy and the abuse of discretion standard of review under section 3582(c)(1)(A)(i) and concluded that a district court did not abuse its discretion in declining to reduce stacked section 924(c) sentences. See 145 F.4th at 548–53.

Green has served approximately 16 years of his 32-year sentence. If sentenced today, Green would face a statutory-minimum sentence on count two of 84 months' imprisonment and on count five of 84 months' consecutive imprisonment, for a total of 168 months' imprisonment.

Despite the change in section 924(c)'s stacked sentencing regime, there is not a gross disparity between Green's sentence and the sentence the court would impose today. When the

5

court sentenced Green, the court thoroughly analyzed the section 3553(a) factors and explained why it sentenced Green to 384 months' imprisonment. See Sent. Tr. 32–40. The court explained that it "thought very seriously" about varying or departing up from the guidelines but did not given the length and appropriateness of Green's mandatory minimum sentence. Id. at 36–37.

If Green were charged and sentenced under the post-First Step Act regime, the court doubts that he would receive a plea offer to just these two counts, and the court knows it would not sentence him to the statutory minimum sentence of 168 months if he did receive such a plea offer. Cf. [D.E. 126] 20–21 (speculating that the court would sentence Green to the new mandatory minimum because the court sentenced Green to the old mandatory minimum in 2010). Stated differently, even with today's stacked section 924(c) mandatory minimum regime, Green would have receive the same sentence 384-month sentence because the court continues to believe that such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in section 3553(a).[2] In reaching this conclusion, the court has reexamined the section 3553(a) factors and Green's behavior since 2010 and has reached the same conclusion that it did when the court first sentenced Green. Cf. U.S.S.G. § 1B1.13(b)(6) (stating that the court must take "full consideration of the defendant's individualized circumstances"); Burleigh, 145 F.4th at 549–53 (affirming a stacked 420-month sentence where the district court acknowledged the non-retroactive legal changes to the stacking provisions under the First Step Act but examined the section 3553(a) factors and declined to reduce a stacked sentence); United States v. Usher, 572 F. Supp 3d 162, 169–71 (E.D.N.C. 2021), aff'd, No. 21-7724, 2022 WL 1684504 (4th Cir May 26,

---

[2] Although the court previously determined that Green's sentencing disparity was an extraordinary and compelling reason, the court reached that conclusion before the Sentencing Commission updated section 1B1.13 to reflect the First Step Act's passage. Cf. [D.E. 120] 4–5.

6

2022) (per curiam) (unpublished) (affirming decision to not reduce a stacked sentence of 2,119 months). Green deserves every day of the 384-month sentence that this court gave him.

Here, there are no unwarranted sentencing disparities "among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Green's allegations are not extraordinary and compelling reasons under U.S.S.G. § 1B1.13(b)(5). When the court sentenced Green, the court applied then-existing law, and Green received the benefit of a generous plea agreement. Moreover, although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Alternatively, even if Green sufficiently alleged extraordinary and compelling reasons under section 3582(c)(1)(A), the section 3553(a) factors do not support granting Green's motion for compassionate release. See [D.E. 120] 6–7; Burleigh, 145 F.4th at 549–53; Usher, 2022 WL 1684504, at *1; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. As for the nature and circumstances of the offenses, Green engaged in extremely violent criminal conduct. Specifically, in September 2008, Green embarked on a horrific criminal rampage in the Eastern District of North Carolina. During the rampage, Green violently robbed four businesses, carjacked three vehicles at gunpoint, and led police officers on a high-speed chase that exceeded 100 m.p.h., which ended in a crash. See PSR ¶¶ 7–23. During the rampage, Green terrorized 13 victims by robbing them, carjacking them, and in some instances, by pointing an unloaded gun at them and pulling the trigger. See id.

As for Green's history and characteristics, Green engaged in this horrific behavior at age 43. He defies recidivism statistics. Furthermore, when Green engaged in this horrifying conduct,

7

Green was no stranger to the criminal justice system. See id. at ¶¶ 24–35. He had state convictions for driving under the influence (two counts), driving while impaired (two counts), possession of a stolen motor vehicle (four counts), larceny (seven counts), larceny of a motor vehicle (twelve counts), and breaking and entering. See id. Repeated state court leniency emboldened Green to engage in his criminal rampage in September 2008.

Green has made some positive efforts while federally incarcerated. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Green has worked and taken educational and self-improvement courses. See [D.E. 126] 19–20, 24–25. Green, however, also has committed several serious infractions. See id. at 20.

The court must balance Green's mixed record in federal custody with his horrifying criminal conduct, his abysmal criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 597 U.S. 481, 496–502 (2022); Pepper, 562 U.S. at 480–81; Usher, 2022 WL 1684504, at *1; High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also has considered Green's age (61), rehabilitation efforts, and release plan. Having considered the entire record, the section 3553(a) factors, Green's arguments, the government's persuasive response, the need to punish Green, to incapacitate him, to promote respect for the law, to deter others, and to protect society, the court denies Green's motion for compassionate release. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. 109, 115–20 (2018); Burleigh, 145 F.4th at 349–54; Usher, 2022 WL 1684504, at *1; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States

8

v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished),

aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 126].

SO ORDERED. This 15 day of May, 2026.

JAMES C. DEVER III
United States District Judge

9